IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES R. GRISHAM and
SUSAN C. GRISHAM,

                                                                            OPINION AND ORDER

               Plaintiffs,

                                                                      13-cv-587-bbc

     v.

INTEGRITY FIRST BANK,
DAVID KLEIN, MELISSA LANGBEHN KLEIN,
CHRISTINA COOPER, DAVID COOPER,
JAMES RUFLEDT, SUSAN RUFLEDT,
WILLIAM SCHUMACHER, BRENDA SCHUMACHER,
STEVE and JULIE STANKE,
MARLENE (KOSTKA) STANKE,
GERALD L. KOSTKA, GLORIA J. KOSTKA, ABBY BANK,
MARY LITZENBERGER, MICHAEL LITZENBERGER,
MONEY WISE, HARLAN ACCOLA and BRENDA ACCOLA,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, pro se plaintiffs James R. Grisham and Susan C. Grisham have alleged fraud and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-62, arising out of the foreclosure and sale of their home and other real estate. Plaintiffs' claims are not entirely clear, but I understand that they are alleging that defendant Integrity First Bank was their lender, that employees of the bank gave plaintiffs incorrect information about the terms of their construction loan and that the bank's employees damaged plaintiffs' credit scores by misreporting information, making it difficult for

plaintiffs to find additional lines of credit. Plaintiffs contend that all of these factors caused them to default on their loans, which led to the entry of a judgment of foreclosure against them in state court. In addition, plaintiffs appear to be alleging that several of the defendants conspired to cause plaintiffs' foreclosed home to be sold to one of the bank's employees for a reduced price.

All defendants have filed or joined a motion to dismiss, dkt. ##10, 12, 18, 26, 31, 61, in which they argue that plaintiffs failed to properly serve defendants, failed to include sufficient facts in their complaint or failed to state a claim. They argue also that plaintiff's complaint should be dismissed under the doctrine of claim preclusion. Some defendants have also moved for sanctions, dkt. #19, and to strike plaintiffs' untimely response to the motions to dismiss, dkt. #49. Before I decide any of these motions, it is necessary to resolve a threshold question of jurisdiction, which is whether plaintiffs' RICO and fraud claims are barred under the Rooker-Feldman doctrine. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291 (2005); Garry v. Geils, 82 F.3d 1362, 1364 (7th Cir. 1996) ("Since the Rooker-Feldman doctrine is about whether inferior federal courts have the authority (i.e., subject matter jurisdiction) to hear a given case, it can be raised at any time, by either party, or sua sponte by the court. . . . Where Rooker– Feldman applies, lower federal courts have no power to address other affirmative defenses, including res judicata.").

In determining whether the Rooker-Feldman doctrine applies, "the immediate inquiry is whether the 'federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim.'" Taylor v. Federal National Mortgage Association,

2

374 F.3d 529, 532 (7th Cir. 2004) (quoting Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996)). The difference is whether the injury arose from the state court judgment itself or whether the injury is independent of the judgment and would not implicate it. Garry v. Geils, 82 F.3d at 1365-66. The doctrine "applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Long v. Shorebank Development Corp., 182 F.3d 548, 554 (7th Cir. 1999). Such intertwined claims are those that the court could resolve only if it were to review or "indirectly set aside" the state court judgment. Taylor, 374 F.3d at 532-33.

In this case, plaintiffs seem to be arguing that their home and other real estate should not have been foreclosed upon and that their home should have sold for a higher price. Plaintiffs seek monetary damages, including the cost of their home and other real estate, as well as losses they say resulted from the foreclosure. These arguments implicate the foreclosure decision made by the state court. Taylor, 374 F.3d at 532 (plaintiff's claim barred by Rooker-Feldman doctrine because "[t]he fact that [plaintiff] is claiming compensatory damages in the amount of the value of her home (plus interest) demonstrates that her asserted injury is the loss of her home due to the Defendants' conspiracy to deprive her of her home [through foreclosure], not an independent injury arising from acts of the Defendants"). See also Nora v. Residential Funding Co., LLC, 13-1660, 2013 WL 6171046, — Fed. Appx. — (7th Cir. Nov. 26, 2013) ("By alleging that the fraudulent assignment to [defendant] allowed it to succeed in foreclosing on her property in state court,

[plaintiff] is impermissibly asking a federal district court to review and reject the state court's judgment of foreclosure of her property."). In challenging the sale price, plaintiffs are also challenging by implication the state court's order confirming the foreclosure sale. GASH Associates v. Village of Rosemont, Illinois, 995 F.2d 726, 728-29 (7th Cir. 1993) ("As we see things, GASH is attacking the judgment itself. It believes that the sale should not have been confirmed at such a low price and wants the buyer to pay more . . . . [I]ts injury came from the judgment confirming the sale . . . .").

Because it appears that plaintiffs are challenging the outcome of their foreclosure proceedings, a subject over which this court has no jurisdiction, it may well be necessary to dismiss this case for lack of subject matter jurisdiction. Before making this decision, I will give the parties an opportunity to argue the applicability of the Rooker-Feldman doctrine to this case.

As a final matter, also pending before this court is plaintiffs' motion for a "90 day abatement of proceedings to acquire out of state legal counsel," dkt. #59 (filed unsigned on December 23, 2013, with signed copies filed January 2, 2014), which I construe as a motion for continuance of their case for 90 days. Plaintiffs say that counsel "will not be available until after the New Year [January 1, 2014]" and they seek the continuance in order to "review and amend [their] respon[se] to the Defendants['] motion[s to dismiss.]" Id. It is unclear whether plaintiffs are looking for counsel presently or whether they have found counsel but that the lawyer is not available until later. In either case, plaintiffs have not shown that a continuance is necessary.

Plaintiffs ask for continuance because they want to secure legal assistance and because they want to amend their response to defendants' motions to dismiss. Neither reason is persuasive. First, plaintiffs did not say in their motion what concrete steps they planned to take in order to secure a lawyer's assistance. In the two months that have passed since they filed their motion they have not given any indication of progress in finding counsel. Plaintiffs filed this case more than six months ago, in August 2013, and have had ample time in the intervening months to secure legal assistance.

Second, plaintiffs' request for a continuance to amend their response is untimely. They did not make this request until a few weeks after they filed their untimely response brief. Allowing them to amend or supplement their response now would prejudice defendants. Although it is the case that one of defendants' many motion to dismiss, dkt. #61, was not filed until after plaintiffs asked for the continuance, plaintiffs filed a response to that motion on January 24, 2014, dkt. #68, mooting any claim that they had been prejudiced by that particular late filing.

ORDER

IT IS ORDERED that

1. Plaintiffs James R. Grisham and Susan C. Grisham and defendants Integrity First Bank, David Klein, Melissa Langbehn Klein, Christina Cooper, David Cooper, James Rufledt, Susan Rufledt, William Schumacher, Brenda Schumacher, Steve Stanke, Julie Stanke, Marlene (Kostka) Stanke, Gerald L. Kostka, Gloria J. Kostka, Abby Bank, Mary

Litzenberger, Michael Litzenberger, Money Wise, Harlan Accola and Brenda Accola may have until March 12, 2014 to respond to this order. If plaintiffs do not respond by this date, I will take their lack of response as a concession that this court does not have subject matter jurisdiction to hear their case and it will be dismissed.

    2. Plaintiffs' motion for a 90-day continuance, dkt. #59, is DENIED.

    Entered this 25th day of February, 2014.

                                       BY THE COURT:
                                     /s/
                                     BARBARA B. CRABB
                                     District Judge