IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES R. GRISHAM and
SUSAN C. GRISHAM,

                                                                        OPINION AND ORDER

               Plaintiffs,

                                                                        13-cv-587-bbc

       v.

INTEGRITY FIRST BANK,
DAVID KLEIN, MELISSA LANGBEHN KLEIN,
CHRISTINA COOPER, DAVID COOPER,
JAMES RUFLEDT, SUSAN RUFLEDT,
WILLIAM SCHUMACHER, BRENDA SCHUMACHER,
STEVE and JULIE STANKE,
MARLENE (KOSTKA) STANKE,
GERALD L. KOSTKA, GLORIA J. KOSTKA, ABBY BANK,
MARY LITZENBERGER, MICHAEL LITZENBERGER,
MONEY WISE, HARLAN ACCOLA and BRENDA ACCOLA,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, pro se plaintiffs James R. Grisham and Susan C. Grisham contend that defendants participated in a conspiracy that resulted in the foreclosure of their residence and other real estate. After a review of plaintiffs' complaint suggested that plaintiffs were challenging the validity of the state court's judgment of foreclosure, I directed them to explain why the Rooker-Feldman doctrine would not bar their claim and I gave defendants an opportunity to respond. Dkt. #70. Plaintiffs and several defendants have now responded. From my review of these responses, the complaint and plaintiffs' other

1

submissions, I conclude that the complaint must be dismissed because the Rooker-Feldman doctrine bars this court from hearing plaintiffs' claims.

At the outset, I note that defendant Integrity First Bank has moved for leave to file public documents outside the complaint, including the state court foreclosure judgment, complaint and answer and plaintiffs' complaint from their earlier litigation in this court. Dkt. #33. Because the documents are all public records of which a court may take judicial notice, Fed. R. Evid. 201(b), I am granting this motion.

PLAINTIFFS' ALLEGATIONS

Plaintiffs allege in their complaint that Integrity First Bank employees, David Klein, Christina Cooper, James Rufledt and Gerald Kostka, lied to them about the terms of their construction loan and mortgage and coaxed plaintiffs into believing that their construction loan would be converted into a conventional mortgage when defendants had no intention to accommodate such a conversion. In addition, plaintiffs allege that these defendants made a false report to credit reporting agencies, making it difficult for them to secure other financing. (Plaintiffs brought a Fair Credit Reporting Act claim in 2010 on that topic, 10-cv-730-bbc; the case was dismissed with prejudice.) They say that defendants' deceptions caused them to default on their loan, which led to the foreclosure of their real estate. Because some of the properties were rental properties and other businesses, they also lost the associated incomes and consequently lost their savings and some life insurance benefits.

Plaintiffs allege that after the foreclosure, defendant Integrity First Bank refused

reasonable offers for their house from buyers and accepted an offer in early 2010 from relatives of their employee, defendant Gerald Kostka, and his cousins, defendants Steve and Julie Stanke.  Plaintiffs allege that the locks on the house were changed before the sheriff's approval of the sale and that they lost personal belongings.  According to plaintiffs, all of this is evidence that the bank and its employees conspired to deprive them of their property so that their employee's family would benefit.

OPINION

Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction to hear cases that require them to review or set aside a state court judgment.  Skinner v. Switzer, 131 S. Ct. 1289, 1297 (2011) ( Rooker-Feldman doctrine applies in "'cases brought by state-court losers . . . inviting [federal] district court review and rejection of [the state court's] judgments'") (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005)); Johnson v. Orr, 551 F.3d 564, 568 (7th Cir. 2008); Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  The doctrine arises out of our system of federalism, which respects the authority of state courts to decide the cases before them.  State court decisions may be reversed only by higher courts in the state judicial hierarchy or, after all the appeals within the state system have been exhausted, by the Supreme Court of the United States, and then only in limited circumstances.  28 U.S.C. § 1257.  Federal district courts and courts of appeals play no role in the state court system

and lack jurisdiction to reverse a state court judgment.  Rooker, 264 U.S. at 416 ("Under the legislation of Congress, no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment [of a state court] for [erroneous decisions.]"  This principle of respect for the autonomy of state courts "applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Long v. Shorebank Development Corp., 182 F.3d 548, 554 (7th Cir. 1999).  "Intertwined claims" are those that require the federal court to review or "indirectly set aside" the state court judgment. Taylor v. Federal National Mortgage Association, 374 F.3d 529, 532-33 (7th Cir. 2004).  Moreover, a plaintiff "may not attempt to circumvent the effect of Rooker-Feldman" by casting her complaint in the form of federal claims.  Long, 182 F.3d at 557.

The Court of Appeals for the Seventh Circuit has applied the Rooker-Feldman doctrine consistently to cases in which plaintiffs ask the court to set aside a state court foreclosure judgment.  Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 647 (7th Cir. 2011); Taylor, 374 F.3d at 533; GASH Associates v. Village of Rosemont, Illinois, 995 F.2d 726 (7th Cir. 1993); Ritter v. Ross, 992 F.2d 750 (7th Cir. 1993).  See also Nora v. Residential Funding Co., LLC, 543 F. App'x 601 (7th Cir. 2013); Sheikhani v. Wells Fargo Bank, 526 F. App'x 705 (7th Cir. 2013); Wallis v. Fifth Third Bank, 443 F. App'x 202 (7th Cir. 2011).

Although plaintiffs describe their claims in terms of conspiracy and the Racketeer Influenced and Corrupt Organizations Act, those claims center on the assertion that

4

defendants' conspiracy resulted in the wrongful foreclosure of plaintiffs' home and other real estate.  In other words, their claims are intertwined inextricably with the state court's judgment on the foreclosure.  Wallis, 443 F. App'x at 204-05 ("Wallis cannot circumvent the Rooker-Feldman doctrine by recasting a request for the district court to review state-court rulings as a complaint about civil rights, due process, conspiracy, or RICO violations.").  See also Nora, 543 F. App'x at 602 ("By alleging that the fraudulent assignment to [defendant] allowed it to succeed in foreclosing on her property in state court, [plaintiff] is impermissibly asking a federal district court to review and reject the state court's judgment of foreclosure of her property.").

Plaintiffs have alleged injuries that include the cost of their home and real estate, the loss of other property and income resulting from the loss of their real estate and the price of their litigation, all of which derive from the foreclosure judgment.  Thus, they are seeking to "indirectly set aside" that judgment.  Taylor, 374 F.3d at 532-33; Holt v. Lake County Board of Commissioners, 408 F.3d 335, 336 (7th Cir. 2005) ("absent the state court's judgment evicting him from his property, Mr. Holt would not have the injury he now seeks to redress"); Schmid v. Bank of America, N.A., 498 B.R. 221, 224-25 (W.D. Wis. 2013) ("The Rooker-Feldman doctrine applies to plaintiff's fraud claim because plaintiff's alleged injury is the state court foreclosure judgment that defendant Bank of America is now asserting against plaintiff in the bankruptcy action, which means that plaintiff is 'effectively trying to appeal a state-court decision in a federal' court.") (quoting Hukic v. Aurora Loan Services, 588 F.3d 420, 431 (7th Cir. 2009)).

Despite this wealth of authority, plaintiffs argue that the Rooker-Feldman doctrine should not apply to their case, for six reasons: (1) the doctrine is unconstitutional; (2) defendants corrupted the Wisconsin state court so that plaintiffs could not receive a fair trial on the foreclosure; (3) plaintiffs did not learn the facts that form the basis of this case until after the entry of the foreclosure judgment; (4) Wisconsin state law did not permit them to mount a meaningful defense against the foreclosure; (5) this case does not involve the same parties as those in their state court foreclosure case; and (6) this case is related only tangentially to their foreclosure because they are suing about the conspiracy generally, which culminated in the foreclosure but which included other damages, such as the loss of personal property. None of these arguments is persuasive.

First, it is well established that the Rooker-Feldman doctrine is constitutional. Skinner, 131 S. Ct. at 1297 (application of Rooker-Feldman doctrine appropriate in instances in which federal plaintiff challenges earlier state court judgment). Next, plaintiffs have not developed their second, third and fourth arguments. To the extent that plaintiffs are seeking to recast their claims, they have failed to do so because they have not alleged any facts to support the claims.

Specifically, as to plaintiffs' second argument that the state court judgment was the result of corruption, it is true that the Rooker-Feldman doctrine carves out an exception for cases in which the plaintiff can show that corruption on the part of judges or the courts may have undermined the outcome of the case. Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006) (plaintiff alleged that her own lawyers, defendants and others conspired to destroy her

6

financially and drive her out of the country by manipulating her divorce proceedings to deny her due process of law); Nesses v. Shepard, 68 F.3d 1003, 1005 (7th Cir. 1995). However, plaintiffs did not allege corruption in their complaint and they say nothing about how the judge or court might have been corrupted or how this corruption would have affected their case. Moreover, plaintiffs are suing the wrong defendants on such a claim. None of the parties to this suit are judges, court personnel or lawyers who played a part in plaintiffs' foreclosure case.

Plaintiffs also fail to explain their third argument, which is based on their claim that they did not discover until recently the factual information necessary to state their RICO and conspiracy claims. They do not identify any new facts or explain why it took so long to learn of them. Even if they had, their argument would not succeed because this court is not the proper forum in which to raise it. If plaintiffs thought it was important, they could have asked the state court to set aside the verdict in their case and hold a new trial. Wis. Stat. § 799.28 ("A motion to set aside a verdict or to open up a judgment and for a new trial founded upon newly discovered evidence may be heard upon affidavits and the proceedings in the action."); Schmid, 498 B.R. at 225 ("Plaintiff says that she did not discover the fraud until after the entry of judgment, but even if that is true and even if plaintiff could not have uncovered facts that gave rise to her claim earlier, her proper course of action was to seek to vacate the judgment in state court, not bring a separate federal action.").

In support of their fourth argument, plaintiffs argue that Wisconsin's laws are designed to benefit banks at the expense of homeowners in foreclosure actions. Given a

generous reading, this argument might be understood as plaintiffs' attempt to say that they were unable to present their defenses to the foreclosure as a result of state law, which is another exception to the application of Rooker-Feldman. Long, 182 F.3d at 555 (Rooker-Feldman does not bar claim about injuries that state court failed to remedy). However, plaintiffs have not explained which of their defenses were precluded by Wisconsin laws or cited any Wisconsin laws that would have caused this problem.

Plaintiffs' fifth argument is that this case cannot be barred by Rooker-Feldman as to the defendants who were not parties to the state court foreclosure action. The United States Supreme Court has said that the Rooker-Feldman doctrine "does not bar actions *by* nonparties to the earlier state-court judgment." Lance v. Dennis, 546 U.S. 459, 466 (2006) (emphasis added). This ruling means that Rooker-Feldman is inapplicable to federal *plaintiffs* who were not parties to the state court judgment, not that federal plaintiffs may add new defendants to avoid the doctrine. Cf. Nesses, 68 F.3d at 1004 ("Merely adding another party to the allegation of a nonexistent conspiracy does not satisfy the requirement [for avoiding claim preclusion] of alleging fresh misconduct, misconduct not dependent on the truth of a claim rejected in the previous suit."). Plaintiffs' addition of new defendants does not change the fact that plaintiffs are asking this court to undo a state court's foreclosure judgment.

Plaintiffs' final argument is that Rooker-Feldman should not apply because they "certainly do not argue in this case that their house should have 'sold for more' or in any

8

way, shape or form, state, concede, or agree the original foreclosure is, was, or ever could be the 'reason' for this suit." Plt.'s Resp. Br., dkt. #71, at 18; Brokaw v. Weaver, 305 F.3d 660, 665 (7th Cir. 2002) (Rooker-Feldman does not apply if plaintiff is alleging that defendants violated her rights independently of state court judgment). However, plaintiffs have not identified what this lawsuit is about if it is not about the foreclosure judgment. GASH Associates, 995 F.2d 726, 729 (7th Cir. 1993) ("GASH did not suffer an injury out of court and then fail to get relief from state court; its injury came from the judgment . . . ."). After all, in ten of the 19 counts of the complaint, plaintiffs allege that defendants acted to "willfully defraud" them of their various properties and the rental incomes from those properties. These are allegations that implicate the foreclosure judgment directly. E.g., Nora, 543 F. App'x at 602. Plaintiffs say that the loss of the rental property was not related to the foreclosure judgment on their home, but the judgment shows clearly that all the properties were foreclosed upon in that judgment. In count two of the complaint, plaintiffs say defendants were dishonest about their mortgage terms, which is a defense they could have raised in state court. In counts 13 through 15, plaintiffs say that they lost business and rental incomes as well as their retirement savings and insurance policies. They now say these losses were from defendants' actions *after* the foreclosure, but they never allege any facts about those actions, so they have not stated a separate claim.

Plaintiffs say that their allegations in count 16 are unrelated to the foreclosure proceeding but do not explain how defendants caused them an injury that was not a result

9

of the foreclosure judgment. If this injury concerns the belongings plaintiffs referred to earlier in their complaint (personal property they lost because the locks on their home were changed early), plaintiffs have not explained why it is not related to the foreclosure or, if they believe it is a federal claim, what support do they have for that belief and why this court would have jurisdiction over it. Further, counts 17 through 19 pertain to costs plaintiffs incurred in litigation and other undisclosed costs. Plaintiffs' only argument is that these counts should be excepted from Rooker-Feldman because of the judicial corruption in their state court case, but as I noted earlier, plaintiffs have not stated any facts about any alleged corruption. I conclude that plaintiffs have not shown that they should be permitted to proceed on counts 16-19.

Now plaintiffs say that there are other factual bases for their suit. The first problem with this assertion is that plaintiffs have not alleged these facts in a new complaint. Even if they had, their allegations fail to state a claim. They allege that defendants committed "a series of transactions involving wire and bank fraud" after the foreclosure, Plt.'s Resp. Br., dkt. #71, at 11, but they did not identify a resulting injury. If the injury is the loss of their home or rental income, the claim is barred by Rooker-Feldman for the reasons discussed above.

Plaintiffs also allege that after the entry of the foreclosure judgment they were harassed and intimidated by certain defendants. Such a claim would be separate from the foreclosure judgment and would not be barred by Rooker-Feldman, but it is not a federal

10

claim and plaintiffs have not explained why this court would have subject matter jurisdiction to hear it.

I conclude that because plaintiffs have failed to state any claims not barred by Rooker-Feldman, their case must be dismissed.

It is possible that even if Rooker-Feldman did not apply in this case, claim preclusion would bar plaintiffs' claims, but I will leave that possibility unaddressed. Once it is clear that the Rooker-Feldman doctrine applies, "federal courts have no power to address other affirmative defenses, including res judicata." Taylor v. Federal National Mortgage Association, 374 F.3d 529, 535 (7th Cir. 2004).

Plaintiffs argue that, instead of dismissing their claims, the court should give them an opportunity to amend their complaint to make it clear why it is not barred by Rooker-Feldman and to add claims under Wisconsin's Racketeering Activity and Continuing Criminal Enterprise statute. Plaintiffs have had that opportunity and have not submitted a proposed amended complaint or explained why amendment of their complaint would avoid the problems discussed in this opinion.

Because plaintiffs have not shown that amendment of their complaint would be anything but futile, I am denying their motion. With the denial of the motion for leave to amend, their motion to disqualify Timothy L. Kostka on the ground that he may be a defendant or material witness will be denied as moot, as will defendants' pending motions to dismiss on other grounds. Finally, defendants Steve and Julie Stanke and Marlene

(Kostka) Stanke have requested that sanctions be imposed on plaintiffs. Because these defendants have not provided any evidence to show that they have had to expend serious efforts in defending this litigation, their motion will be denied.

ORDER

IT IS ORDERED that

1. Defendant Integrity First Bank's motion to file documents outside the complaint, dkt. #33, is granted.

2. The complaint filed by plaintiffs James R. Grisham and Susan C. Grisham is DISMISSED on the court's motion for lack of subject matter jurisdiction.

3. Plaintiffs' motion to amend their complaint, dkt. #71, is DENIED.

4. Plaintiffs' motion to disqualify Timothy L. Kostka, dkt. #71, is DENIED as moot.

5. The motion for sanctions, dkt. #19, filed by defendant Steve Stanke, Julie Stanke, and Marlene (Kostka) Stanke is DENIED.

6. All motions to dismiss and to strike plaintiffs' response, dkts ##10, 12, 18, 26, 31, 49 and 61, are DENIED as moot.

The clerk of court is directed to enter judgment for defendants Integrity First Bank, David Klein, Melissa Langbehn Klein, Christina Cooper, David Cooper, James Fufledt, Susan Rufledt, William Schumacher, Brenda Schumacher, Steve and Julie Stanke, Marlene (Kosta) Stanke, Gerald L. Kostka, Gloria J. Kostka, Abby Bank, Mzary Litzenberger, Michael

Litzenberger, Money Wise, Harlan Accola and Brenda Accola and close this case.

Entered this 1st day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

13